Fisher et al., Appellants, *v.* Pittsburgh Public Parking Authority.

Argued October 7, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph M. Zoffer,* with him *Royston, Robb, Leonard, Edgecomb, Miller & Shorall,* for appellants.

*William J. Staley,* with him *John P. Papuga,* and *Patterson, Crawford, Arensberg & Dunn,* for Public Parking Authority of Pittsburgh, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 15, 1969:

This is an appeal from the Order of the Court of Common Pleas, sustaining defendant's preliminary objections to plaintiffs' petition for the appointment of a Board of Viewers. The question involved is whether lessees of property purchased by the Public Parking Authority of Pittsburgh are entitled, *after the termination of their leases*, to business dislocation damages under Section 609 of the Eminent Domain Code of June 22, 1964, P. L. 84, 26 P.S. 1-609.

The plaintiffs are tenants of what were commercial properties in downtown Pittsburgh. The premises which they had occupied as lessees were purchased by the Parking Authority from the owners-lessors by *private negotiation and sale*, rather than by statutory condemnation. At the time of the sale to the Parking Authority, plaintiffs were lessees in possession of their respective leasehold interests. Each of them was permitted by the Authority to remain on his leased premises until each of the leases had expired. Only when all the leases had terminated did the plaintiffs vacate the premises; the Parking Authority then caused the properties to be torn down a month later.

It is agreed by all the parties that the Parking Authority had the legal power to acquire the properties from the owners by private purchase. Parking Authority Law, Act of June 5, 1947, P. L. 458, §§5, 10, 53 P.S. §§345, 349, as amended, 1963, P. L. 181, §1. The Authority is not mandated by any statute to proceed by condemnation, nor prohibited to acquire property by private purchase. Nevertheless, plaintiffs contend that by acquiring the property by private sale, while plaintiffs were in actual possession under their respective leases, the Parking Authority in effect condemned their properties and deprived them of dislocation damages to which they would otherwise have been

entitled, and thereby entitled them to the appointment of a Board of Viewers.

Plaintiffs rely principally on Section 609 of the Eminent Domain Code, supra. Section 609 provides: "The *condemnee** shall be entitled to damages, as provided in this section, for dislocation of a business located on the condemned property, but only where it is shown that the business cannot be relocated without substantial loss of patronage.** . . . A tenant shall be entitled to recover for such business dislocation even though not entitled to any of the proceeds of the condemnation." Eminent Domain Code, 1964, P. L. 84, §609, 26 P.S. §1-609.

There is no merit in plaintiffs' contention. *A tenant whose lease has expired is not a condemnee under the Eminent Domain Code.** A "condemnee" is defined by §201 of the Eminent Domain Code as: "The **owner** of a property interest taken, injured or destroyed but does not include a mortgagee, judgment creditor or other lienholder."

In *Miller v. Beaver Falls*, 368 Pa. 189, 82 A. 2d 34, the Court said (pages 196, 197): ". . . ' "and it may be laid down as a general proposition, based upon the nature of property itself, that, *whenever the lawful rights of an individual to the possession, use or enjoyment of his land are in any degree abridged or destroyed by reason of the exercise of the power of eminent domain, his property is, pro tanto, taken and he is entitled to compensation"* '.*** . . ."

When their lease expired, the plaintiffs no longer had any property interest in the premises, nor was there any interference with or deprivation of their pos-

---

* Italics, ours.

** There then follows a provision for the amount of compensation for such dislocation.

*** Italics in *Miller v. Beaver Falls* Opinion.

session or the beneficial use or enjoyment of their leasehold interests. When a tenant's lease terminates prior to condemnation, the tenant suffers no compensable injury. *West End Auto Wrecking Co. v. Pittsburgh*, 396 Pa. 233, 152 A. 2d 678; *Shaaber v. Reading City*, 150 Pa. 402, 24 Atl. 692. It is even clearer that a tenant whose lease has terminated suffers no compensable injury where the Authority purchases instead of condemns the land.

Order affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

---

CONCURRING OPINION BY MR. JUSTICE COHEN:

I concur in Chief Justice BELL's opinion and would have nothing further to say were it not for the concurring opinion by Justice ROBERTS. In order that the conclusions expressed by Justice ROBERTS here and in the *Shippingport* case should not distort the developing body of condemnation law, I wish to point out the inaccuracy of his position.

His concurrence in the instant case indicates that recovery for a taking is "possible only after an eminent domain proceeding has been brought and where someone is a condemnee." In *Shippingport* he states that "condemnee is a technical term that applies only where an eminent domain proceeding has been brought." This position is not even arguably correct. "Condemnee" is defined in section 201(2) of the Eminent Domain Code, 1964, P. L. 84, §201, 26 P.S. §1-201 to mean "the owner of a property interest taken, injured or destroyed. . . ." This definition and the procedure provided in section 502(e)[1] indicate that the

---

[1] Section 502(e) provides: "If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of

legislature intended a result other than that suggested by Justice ROBERTS' concurrences. As noted in the Comment to section 502 by the Joint State Government Commission, the petition for appointment of viewers is the procedure available to one whose property has been injured even though no formal condemnation proceeding has been brought by the condemnor. This request for viewers is the historical method of determining whether one qualifies for compensation as a condemnee,[2] and the Comment indicates that this method has not been disturbed by the Code. The function of the petition for appointment of viewers is to furnish a procedure by which a judicial determination can be made that a taking has or has not occurred. If it is determined that there has been a taking then the petitioner would qualify for relief if the taking is shown to be compensable.

The fallacy in Justice ROBERTS' position is clear if you examine his suggested disposition in *Shippingport*. There he found the property interest injured (i.e., a taking) but did not find the owner a "con-

---

viewers substantially in the form provided for in subsection (a) of this section, setting forth such injury."

[2] In *Griggs v. Allegheny County*, 402 Pa. 411, 168 A. 2d 123 (1961), reversed on other grounds, 369 U.S. 84, 7 L. ed. 2d 585 (1962), Chief Justice CHARLES ALVIN JONES said: "It is clear that a property owner may petition the court for the appointment of viewers to assess and award damages against an entity clothed with the power of eminent domain where such entity effects a 'taking' of the petitioner's property whether or not the appropriator has followed the statutorily provided condemnation procedure. Rosenblatt v. Pennsylvania Turnpike Commission, 398 Pa. 111, 126-127, 157 A. 2d 182; Philadelphia Parkway, 250 Pa. 257, 264-265, 95 Atl. 429; Barron's Use v. United Railway Co., 93 Pa. Superior Ct. 555, 557-558. A 'taking' occurs when the entity clothed with the power of eminent domain substantially deprives an owner of the beneficial use and enjoyment of his property. Miller v. Beaver Falls, 368 Pa. 189, 196-197, 82 A. 2d 34; Creasy v. Stevens, 160 F. Supp. 404, 410-412."

demnee." Since "condemnee" is defined in the Code as owner of a property interest that is injured, his two determinations cannot exist side by side. (In *Shippingport* he should have dissented).

The proceeding by petition for appointment of viewers remains available to those against whom a formal condemnation proceeding has not been directed so that it might be determined whether a taking has occurred and, if so, what compensable damages have been suffered.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I agree with the result reached by the majority, but I find it unnecessary to decide whether under the Eminent Domain Code a tenant may recover dislocation damages if he is forced to move after the technical expiration date of his lease. I believe that since this entire transaction was achieved through private negotiation and sale, no question is presented under the Eminent Domain Code. Recovery under the Eminent Domain Code, by a tenant or otherwise, in my view is possible only after an eminent domain proceeding has been brought and where someone is a "condemnee." Cf. *Shippingport Ferry Company Appeal*, 432 Pa. 176, 247 A. 2d 466 (1968) (concurring opinion).