## Kanakis Petition

*Joseph M. Stanichak*, for petitioners.
*Thomas C. Mannix*, for respondent.

KLEIN, *J.*, December 3, 1975—"Condemnees," Nick E. Kanakis and Lorraine N. Kanakis, his wife, filed a petition for the appointment of viewers. Viewers were appointed and the alleged "Condemnor," Redevelopment Authority of the County of Beaver, filed preliminary objections to said petition, the matter presently before us.

The preliminary objections seek the vacation of the order appointing the viewers and dismissal of the petition on the ground that no compensable injury has been alleged. The petition was filed pursuant to the Act of June 22, 1964, Sp. Sess., P.L. 84, as amended, 26 P.S. §1-502(e), which provides:

"If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) of this section, setting forth such injury."

The operative allegations of the petition are as follows:

"3. That the Redevelopment Authority of the County of Beaver condemned a portion of the real estate for redevelopment purposes in the Borough of Ambridge.

"4. That as a result of the redevelopment and condemnation that was effected by the Redevelopment Authority of the County of Beaver and the subsequent demolition of structures on said property, a material and significant alteration was made in the course of the surface and subsurface waters so that all or a substantial portion of said waters have drained upon the lands of your petitioners.

"5. That the changes in the course of the surface and subsurface waters have been of such magnitude that the Redevelopment Authority has acquired, appropriated, confiscated and condemned the property described in Exhibit 'A' hereof, in fee simple absolute."

No actual taking having been alleged, the claim is for "injury or destruction of property" and involves a "de facto taking" or "inverse condemnation."

Condemnor presents a two-pronged argument in support of its preliminary objections. First, that the petition contains no allegations entitling condemnees to consequential damages under 26 P.S. §1-612 and secondly, that no compensable injury under 26 P.S. §1-502(e) has been alleged.

It is obvious that there is no claim for consequential damages under section 612, since there is no allegation of any damages resulting from (1) change of grade of a road, or (2) permanent interference with access, or (3) injury to surface support. However, it is clear that any injury or destruction occasioned by an entity clothed with the power of eminent domain in connection with an improvement which substantially deprives an owner of the beneficial use and enjoyment of his property is compensable: Griggs v. Allegheny County, 402

Pa. 411, 168 A. 2d 123 (1961), reversed at 369 U.S. 84, 82 S. Ct. 531, 7 L.Ed. 2d 585 (1962), and Miller v. Beaver Falls, 368 Pa. 189, 82 A. 2d 34 (1951).

The case of Jacobs v. Nether Providence Township, 58 D. & C. 2d 565 (1972), involved a claim for damages in eminent domain proceedings based upon petitioners' property being flooded with water, mud and debris where it was alleged that the township had designed and approved a drainage system on adjoining land which involved extensive regrading. The court dismissed the township's preliminary objections.

In the instant case, petitioners allege (1) that the condemnor effected condemnation of adjoining property; (2) that, as a result of the condemnation, subsequent development of said adjoining land involved the demolition of structures; and (3) that the same produced a material and significant alteration in the course of surface and subsurface waters, causing such waters to drain upon petitioners' land, thereby effecting a compensable injury. The preliminary objections being in the nature of a demurrer, we must accept as true every well-pleaded material and relevant fact averred and every inference fairly deducible from the facts pleaded. The authority has not requested a more specific pleading. Thus, we must accept as true that the improvement by the authority on adjoining lands caused a material and significant alteration in the course of surface and subsurface waters, and that such water is now draining onto petitioners' property so as to interfere with their use and enjoyment of same, to their damage and depreciation in value of the property.

It may well be that petitioners will be unable to prove such allegations but that, initially, is an issue

for the board of view: Capristo v. Commonwealth, 58 D. & C. 2d 715 (1972). In the Capristo case, there is no indication that any of the elements necessary for consequential damages under section 612 were present, merely consequential damages allegedly resulting from an improvement by the condemnor on adjoining land.

Instantly, petitions have failed to specify the date of the injury or the nature, extent and results of the alleged water drainage with respect to how it affects their use and enjoyment of the property, but that will be a matter of proof. Jacobs, supra, involved "'flooding' with water, mud and debris"; Capristo alleged a quantity of water created a five-acre lake, five or six feet deep, destroying a building.

The authority cites the case of Hastings Appeal, 374 Pa. 120, 97 A. 2d 11 (1953), for the applicable rule of law stating that a compensable injury exists where an improvement is the direct, immediate and proximate cause of the injury and the loss is the necessary and unavoidable consequence of the condemnor exercising its power of eminent domain (herein petitioners' allegations). That is correct as far as it goes, but the court, in Hastings, was distinguishing an eminent domain case from one in trespass where the alleged injury results from tortious conduct rather than the mere nonnegligent exercise of the power of eminent domain.

The precise rule of law was most recently reiterated by the court in the case of Fisher v. Pittsburgh Public Parking Authority, 433 Pa. 113, 248 A. 2d 849 (1969), quoting from the Miller case, supra,

"'. . . "'and it may be laid down as a general proposition, based upon the nature of property itself, that, *whenever the lawful rights of an individual*

*to the possession, use or enjoyment of his land are in any degree abridged or destroyed by reason of the exercise of the power of eminent domain, his property is, pro tanto, taken and he is entitled to compensation"' . . . "'* (Emphasis in original.)

Consequently, we will dismiss the preliminary objections.

## ORDER

And now, December 3, 1975, it is ordered, adjudged and decreed that:

1. The preliminary objections filed by defendant are dismissed.

2. The decree of this court dated February 28, 1975, appointing a jury of view is affirmed.

3. The jury of view in accordance with section 511 of the Eminent Domain Code is hereby directed to make findings of fact respecting plaintiffs' claim that a compensable de facto taking, injury or destruction was effected by the Redevelopment Authority of Beaver County.