Joseph M. Hindsley and Joan A. Hindsley, Co-Partners Trading as the Midway Lounge, Appellants *v*. Township of Lower Merion, Appellee.
(2 Cases)

Argued April 5, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Frank M. Jackson,* with him *Fox, Rothschild, O'Brien & Frankel,* for appellants.

*Parker H. Wilson,* with him *Wilson, Oehrle & Drayer* and *Alonzo R. Horsey,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 13, 1976:

In this appeal we must decide what rights, if any, are conferred by the Eminent Domain Code[1] (Code) upon a commercial tenant in possession of property at the time it was voluntarily sold to a township where the township, after having executed a new lease with that tenant, terminated the lease at the end of its term.

This is the factual posture:

Joseph H. Hindsley and Joan A. Hindsley (Appellants) operated their business on rented premises. Lower Merion Township (Township) acquired the property from the owner under an agreement of sale dated September 16, 1971. The court below found that prior to October 4, 1973, the date of settlement, Appellants were tenants at will. After settlement, Appellants and Township entered into a six-month lease which was renewable for additional six-month periods absent notice of termination. On February

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

19, 1974, Township notified Appellants that the lease would terminate on September 15, 1974. On August 7, 1974, Appellants filed a petition for appointment of a board of viewers, seeking to ascertain the just compensation to which they were entitled as a result of the alleged taking of the land as well as for damages under Article VI-A of the Code, 26 P.S. §1-601A. Township filed preliminary objections to the petition contending that Appellants were neither condemnees nor were they entitled to damages under Article VI-A of the Code. The court below, after a hearing, sustained the preliminary objections. Hence this appeal.

Section 502(e) of the Code, 26 P.S. §1-502(e), provides that:

"If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a *condemnee* may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) of this section, setting forth such injury." (Emphasis added.)

Sectin 201 of the Code, 26 P.S. §1-201, sets forth definitions, several of which are relevant to this case:

"(1) 'Condemn' means to take, injure or destroy private property by authority of law for a public purpose.

"(2) 'Condemnee' means the owner of a property interest taken, injured or destroyed, but does not include a mortgagee, judgment creditor or other lienholder.

"(3) 'Condemnor' means the acquiring agency, including the Commonwealth of Pennsylvania, taking, injuring or destroying private property under authority of law for a public purpose."

In *Fisher v. Pittsburgh Public Parking Authority*, 433 Pa. 113, 248 A.2d 849 (1969), our Supreme Court held that a tenant whose lease has expired was not a condemnee because, the lease having expired, lessees

no longer had any property interest in the premises. *Fisher* is factually analogous since there, as here, the premises which the claimants had occupied as lessees were purchased by a condemning authority from the owners by private negotiation and sale. The tenants in *Fisher,* just as Appellants here, were permitted to remain on the leased premises until the leases expired. It is immaterial that Appellants' interest was recreated by the new lease after settlement because here, as in *Fisher,* Township has allowed the lease to expire in normal course and gave due notice, just as would any private owner-lessor, of its intent not to renew the lease at the expiration of the term. Accordingly, we hold that Appellants are not "condemnees" and Township was not a "condemnor" within the meaning of that term in Section 201(3) of the Code because there has been no "taking, injuring or destroying private property under authority of law for a public purpose".

Appellants next contend that they are "displaced persons" and therefore are entitled to special damages for displacement under Section 601-A of the Code, 26 P.S. §1-601A. That section provides:

"Moving and related expenses of displaced persons

"(a) Any *displaced person* shall be reimbursed for reasonable expenses incurred in moving himself and his family and for the removal, transportation, and reinstallation of personal property." (Emphasis added.)

Section 201(8) of the Code, 26 P.S. §1-201(8), defines "displaced person" as:

"[A]ny *condemnee or other person not illegally in occupancy of real property* who moves or moves his personal property *as a result of the acquisition for a program or project* of such real property, in whole or in part, or as the result of written notice from the acquiring agency of intent to acquire or order to vacate such real property." (Emphasis added.)

"Program or project" is defined in Section 201 (11), 26 P.S. §1-201(11), as:

"[A]ny program or project undertaken by or for an acquiring agency as to which it has the authority to exercise the power of eminent domain."

Appellants contend that Township plans to use the property first as a parking lot and ultimately as part of a road expansion program. Although this may be so, it is not necessary for us to decide whether the planning constitutes a "program or project" within the definition of "displaced person" in Section 201(8). After expiration of the notice period, Appellants' legal occupancy ended. Moreover, when they do ultimately move, Appellants will be moving not "as a result of the acquisition . . . of such real property" but rather, because Township, having already acquired the property, has merely declined to renew the lease.

The facts in this case are strikingly similar to those presented in *Cherry Press, Inc. v. Redevelopment Authority of the City of Philadelphia,* 11 Pa. Commonwealth Ct. 47, 312 A.2d 477 (1973), where we held that:

"[W]hen the taking agency is the landlord no damage results to a tenant who is permitted to remain in possession until the end of the current lease." 11 Pa. Commonwealth Ct. at 57, 312 A.2d at 482.

In both *Cherry Press* and *Fisher, supra,* the contention that the deed acquisition must be treated as a condemnation lest the tenants be unjustly deprived of dislocation damages was rejected. We reject that contention here.

### ORDER

AND Now, this 13th day of July, 1976, the order of the Court of Common Pleas of Montgomery County, sustaining Appellee's Preliminary Objections, is hereby affirmed.

Judge ROGERS dissents.