538 A.2d 648

Marx Stationery and Printing Co. et al. *v.* City of Philadelphia and Redevelopment Authority of Philadelphia. Redevelopment Authority of Philadelphia, Appellant.

Argued December 17, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Dona S. Kahn,* with him, *Carol E. Tracy, Harris and Kahn,* for appellant.

*Eduardo C. Robreno,* with him, *Herbert M. Linsenberg, Meltzer and Schiffrin,* for appellees.

OPINION BY SENIOR JUDGE KALISH, March 7, 1988:

Appellant, Redevelopment Authority of the City of Philadelphia (Redevelopment Authority) appeals an order of the Court of Common Pleas of Philadelphia County which overruled its preliminary objections and granted appellees', Marx Stationery et al. (tenants), petition for appointment of a Board of Viewers. We affirm the trial court's order, but for a reason other than that expressed in its opinion.

By an order dated August 10, 1981, and modified August 21, 1981, the trial court declared that the Harrison Building at 1001-23 Filbert Street, Philadelphia, Pennsylvania had been taken by the Redevelopment Authority in an inverse de facto taking. The Court also found that the tenants were tenants at the time of the taking and that it was the Redevelopment Authority and not the City that was the condemnor.

The owners of the building and the Redevelopment Authority appealed the trial court's decision to this court. While these appeals were pending, counsel for the tenants wrote to the Redevelopment Authority making a claim for leasehold damages and special moving damages. In this letter dated August 20, 1982, the tenants offered to stipulate with the Redevelopment Authority that they would wait for the decision on appeal,

and that if the decision would be upheld, the tenants' claims would be presented to the Board of Viewers as appointed. The Redevelopment Authority did not agree to this stipulation.

Also, while the appeals were pending, the owners of the building at the time of the August, 1981 order, the City of Philadelphia, the Redevelopment Authority and a prospective buyer of the building submitted a stipulation to the trial judge indicating that they had decided to sell the building to the prospective buyer, and to discontinue and withdraw the appeal. On August 1, 1983, this stipulation was approved by the court *which then vacated the August, 1981 condemnation order.*

On July 6, 1984, the tenants filed an amended petition for the appointment of a Board of Viewers to hear and determine their claims for damages. The tenants alleged that the court's order vacating the 1981 condemnation order was not a determination on the merits that the Redevelopment Authority had not made a de facto condemnation. Preliminary objections were dismissed as to both the City of Philadelphia and the Redevelopment Authority, and the tenants' petition for appointment of viewers was granted by the court. Thus, the only issue before this court is the validity of the claims of the tenants.

The Redevelopment Authority contends that the order of rescission was valid since it was made before the appeal was heard and that therefore there never was a valid order of condemnation. The tenants contend that the August 1, 1981 order declaring a de facto taking was a valid final order and that the subsequent order rescinding the 1981 order was not valid. As such, they argue that they are entitled to proceed to a Board of Viewers on the issue of damages.

The tenants' claim for damages is a valid one only if there was a condemnation in the first instance. The

claim becomes fixed at the moment of application by the Redevelopment Authority. In Pa. R.A.P. 1701, it is provided that after an appeal is taken, the trial court may no longer proceed in the matter. However, the appeal had been withdrawn before it was heard, and it was then that the trial court rescinded the original order of condemnation. While the Redevelopment Authority may have the right to withdraw its appeal, the trial court was without authority to rescind or void its former order of a de facto taking. Thus, the order to vacate was invalid. It was an error to say that there was no condemnation and yet to allow tenants' claims. We hold that there was a taking, and therefore the order appointing a Board of Viewers to hear and determine the damages, if any, is proper.

In Pa. R.A.P. 1701(b)(3), it is provided that a trial court may grant reconsideration. However, the petitioner must request such reconsideration by petition and the court must file the order granting or denying the petition within the thirty day appeal period. Here, there was no petition for reconsideration filed. About a year after the original order, a stipulation involving the sale of the property was handed to the trial judge who approved it and rescinded the prior order.

In addition to general damages, the tenants seek special damages which include such things as moving expenses and business dislocation damages. Only a displaced person is entitled to such damages. Section 601-A of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-601-A. A "displaced person" means any condemnee or other person not illegally in occupancy of real property who moves, or moves his property, as a result of the acquisition for a program or project for such property. Section 201(8) of the Code, 26 P.S. §1-201(8).

The Redevelopment Authority, relying principally on *Hindsley v. Township of Lower Merion,* 25 Pa. Commonwealth Ct. 455, 360 A.2d 297 (1976), contends that the tenants could not be displaced persons since they did not move as a result of an acquisition of the property for a program, but rather they moved because the leases were terminated by their landlord. The record shows that it was the agents for the private owners of the building, and not the Redevelopment Authority, who notified the tenants after the de facto taking that based on a provision in the lease, the lease would expire on September 30, 1982. However, condemnation had terminated the leases in August, 1981, and the private former owner had no authority to alter the terms of said leases. Piercing this transaction to see what the substance was and upon examination of the record, it is clear that most of the tenants moved by September 30, 1982, and the property was acquired by the Redevelopment Authority for a public program.

Jurisdiction for the adjudication of special damage claims is in the Board of Viewers. A court of common pleas has no jurisdiction to determine such damages until the claim is before it on a de novo appeal from the Board of Viewers. *Union Electric Contracting Co. Appeal,* 39 Pa. Commonwealth Ct. 584, 396 A.2d 862 (1979).

Accordingly, we affirm the order of the trial court which appointed a Board of Viewers to hear and determine the general or special damages of the tenants.

## ORDER

Now, March 7, 1988, the order of the Court of Common Pleas of Philadelphia County, No. 1313 November Term, 1982, dated May 29, 1986, is affirmed.