571 A.2d 557

**LOCAL 325 OF THE UNITED FOOD & COMMERCIAL WORKERS UNION, by Michael A. KEDZUF, its President, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 1990.

Decided March 15, 1990.

2

J. Craig Kuhn, Kuhn, Engle & Stein, Pittsburgh, for appellants.

J. Craig Kuhn, Kuhn, Engle & Stein, Pittsburgh, for appellants.

Jeffrey L. Giltenboth, Sr. Asst. Counsel, with him, William J. Cressler, Asst. Chief Counsel, for appellee.

Before DOYLE and McGINLEY, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Before us for consideration is the appeal of Local 325 of the United Food and Commercial Workers Union (Local 325) from an order of the Court of Common Pleas of Allegheny County which sustained preliminary objections to Local 325's petition for the appointment of viewers filed by the Department of Transportation (Department) and dismissed Local 325's general damage claim. We affirm in part, and remand for a determination on the issue of business dislocation damages.

Local 325 leased the second floor of a building located at 1118 East Ohio Street, Pittsburgh, from Local 23 of the same union, the owner of the building. The lease agreement was oral, and there is no definitive statement in the record as to the period of the tenancy. Although Local 23 as the owner of the building was informed by the Department as early as June 1982 that the property was required

for the construction of a portion of Interstate 279, apparently it was not until March 28, 1984 that the Department, without filing a formal declaration of taking, issued a Notice of Intent to Acquire and informed Local 325 of its entitlement to relocation benefits. Within the month, in April 1984, Local 325 moved into new quarters which it had previously purchased and renovated.

Thereafter, on December 20, 1984, without a declaration of taking being filed, Local 23 entered into an agreement of sale with the Department and conveyed the entire fee interest to the Department by a deed in lieu of condemnation dated that same day. Both the agreement of sale and the deed recited that the seller would indemnify the Department "against any claim made by any lessee of the aforesaid property who has not entered into a Settlement Agreement with the COMMONWEALTH."

Local 325 subsequently filed its petition for the appointment of viewers alleging a de facto taking pursuant to Section 502(e) of the Eminent Domain Code [1] (Code), 26 P.S. § 1-502(e), and claimed damages for the Department's condemnation of *its* leasehold interest and business dislocation damages under Section 601-A(b)(3) and (4) of the Code, 26 P.S. § 1-601A(b)(3), (4). The Department filed preliminary objections which were sustained by the common pleas court on the basis that the question of the total value of the taking was settled with the purchase of the property from the owner, Local 23, and that Local 325 as the tenant had no separate claim for its leasehold interest.

Before this Court, Local 325 contends that the purchase agreement between the Department and Local 23 as owner of the building does not serve to bar its claim against the Department for the taking of its leasehold. As support for this proposition Local 325 relies upon *Department of Transportation v. DeFurio*, 124 Pa.Commonwealth Ct. 273, 555 A.2d 1379 (1989). In that case a divided panel of this Court upheld the common pleas court's dismissal of the

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1-101 to 1-903.

Department's preliminary objections to DeFurio's petition for the appointment of viewers wherein he alleged a de facto taking of his leasehold, on the premise that DeFurio proved a substantial interference with the beneficial use and enjoyment of his leasehold, notwithstanding a provision in the lease which appeared to work a forfeiture of DeFurio's claim. Local 325 argues that its position is even stronger than DeFurio's because (1) while DeFurio was a party to the lease which contained the forfeiture clause, Local 325 was not a party to the sales agreement which in this case contains the indemnity provision quoted *supra,* and (2) its oral lease with Local 23 contained no assignment of condemnation damages or forfeiture provision.

The Department contends on the other hand that *DeFurio* is inapplicable to this case, and further contends that because Local 325's lease with Local 23 was oral, and because Local 325 vacated the premises before the agreement of sale was executed, Local 325 was not, under our Supreme Court's decision in *Fisher v. Pittsburgh Public Parking Authority,* 433 Pa. 113, 248 A.2d 849 (1969), a tenant at the relevant time period when the taking occurred and hence was not a condemnee. The Department also contends that because it paid the owner of the building the fair market value, payment of additional damages to Local 325 would be contrary to the Code.

We agree with the Department's position. In *Fisher,* the premises occupied by the lessees were purchased by the parking authority by private negotiations with the owner and not by acquisition through condemnation. At the time of the sale, the lessees were in possession of their leasehold, and each lessee was permitted by the parking authority to remain on the leased premises until each lease had expired. Only when all the leases had expired did the lessees vacate the premises. The parking authority then caused the premises to be torn down. The lessees petitioned the common pleas court for the appointment of a board of viewers and claimed business dislocation damages under Section 609 of

the Code, 26 P.S. § 1–609.[2]  The common pleas court sustained the parking authority's preliminary objections and the lessees appealed.

In addressing the question of whether the lessees were entitled to damages after termination of their leases, the Supreme Court held that a tenant whose lease has expired is not a condemnee under the Code and that, when their leases expired, the lessees no longer had any property interest in the leased premises, and there was no interference with, or deprivation of, their possession, beneficial use, or enjoyment of their leasehold interest.  The Court concluded that where the tenant's lease expired prior to condemnation, the tenant suffered no compensable injury and

**2.** At the time *Fisher* was decided, Section 609 of the Code provided that only a *condemnee* was entitled to damages for dislocation of its business.  For reasons set forth *infra,* the *Fisher* court determined that the lessees in that case were not condemnees and thus were not entitled to business dislocation damages under Section 609.  However, after *Fisher* was decided, Section 609 was repealed by Section 6 of the Act of December 29, 1971, P.L. 635, and Section 601–A regarding moving and related expenses of displaced persons was added by Section 8 of that Act.  Section 601–A provides in pertinent part:

(b) *Any displaced person who is displaced from his place of business* ... shall be entitled, in addition to any payment received under subsection (a) of this section [relating to moving expenses], to damages for dislocation of such business ... as follows:

....

(3) In addition to damages under clauses (1) or (2) of this subsection [relating to personal property], damages of not more than ten thousand dollars ($10,000) nor less than twenty-five hundred dollars ($2,500), in an amount equal to either (i) forty times the actual monthly rental, in the case of a tenant, or forty times the fair monthly rental value, in the case of owner-occupancy; or (ii) the average annual net earnings, whichever is greater.... In the case of a business, payment shall be made under this subsection only if the business (i) cannot be relocated without a substantial loss of its existing patronage, and (ii) is not a part of a commercial enterprise having at least one other establishment not being acquired by the acquiring agency, which is engaged in the same or similar business.

(4) In addition to damages under clauses (1) or (2) and (3) of this subsection, actual reasonable expenses incurred in searching for a replacement business or farm.  (Emphasis added.)

Accordingly, eligibility for business dislocation damages under the Code is no longer confined to condemnees as was the case when *Fisher* was decided.  However, with regard to the issue of whether a tenant whose lease has expired is a *condemnee* under the Code, *Fisher* is still good law.

that it is more clear that such a tenant suffers no injury where the land is purchased rather than condemned.

In the instant case, Local 325 had an oral lease with Local 23 "as long as the premises were available at a fair rent." Other than the fact that the oral agreement was automatically renewed each year subject to mutually agreeable rent adjustments and that the rent was payable monthly, there are no other relevant lease provisions apparent in the record. It has long been held that an oral lease for a monthly sum without more constitutes a month to month tenancy. *Jones v. Kroll*, 116 Pa. 85, 8 A. 857 (1887); *Hollis v. Burns*, 100 Pa. 206 (1882). Viewed as such, Local 325's lease was a month to month tenancy which terminated when it vacated the premises at 1118 East Ohio Street in April 1984. It is clear from the record that the agreement of sale and the deed between Local 23 and the Department did not occur until December 1984. Accordingly, under *Fisher*, Local 325's property interest in 1118 East Ohio Street had terminated in April 1984, and it therefore suffered no compensable injury. It is the lack of a property interest, among other things, that serves to distinguish this case from *DeFurio*.

The Department's argument regarding the payment of the fair market value paid to Local 23 as owner is equally well taken. Damages are awarded as "just compensation" under Article 1, Section 10 of the Pennsylvania Constitution and Section 601 of the Code, 26 P.S. § 1–601. Just compensation is defined by Section 602(a) of the Code, 26 P.S. § 1–602(a), as follows:

(a) Just compensation shall consist of the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected thereby and the fair market value of his property interest remaining immediately after such condemnation and as affected thereby, and such other damages as are provided in this code.

This definition encompasses damages for the underlying fee interest including the leasehold interest, and Section 507(a) of the Code, 26 P.S. § 1–507(a), requires that these joint claims must be resolved in one proceeding and satisfied from the same total award. Section 507(a) provides as follows:

(a) The claims of all the owners of the condemned property, including joint tenants, tenants in common, life tenants, remaindermen, owners of easements, or ground rents, and all others having an interest in the property, and the claims of all tenants, if any, of the property, shall be heard or tried together and the award of the viewers or the verdict on appeal from the viewers shall first fix the total amount of damages for the property and second, apportion the total amount of damages between or among the several claimants entitled thereto.

Although there was no board of viewers in the instant case due to the sale of the subject premises to the Department in lieu of condemnation, we believe that the underlying rationale of the Code applies equally well in this situation, where the agreement of sale and the deed both provided that Local 23 would indemnify the Department against claims by any lessee, and where Local 23 as owner received the fair market value of the property. Based on the above, it is clear that the common pleas court properly rejected Local 325's damage claim.

However, we must still address Local 325's claim of business dislocation damages under Section 601–A of the Code. The Department filed a preliminary objection to this claim but neither the claim nor the preliminary objection was addressed by the common pleas court. Further, at oral argument, the Department advised us that it no longer challenged Local 325's claim for these damages. Nevertheless, because the common pleas court failed to address this issue, we must remand for appropriate proceedings under the Code, to include, if needed, the taking of evidence on this issue and appropriate findings of fact.

Accordingly, the order of the court of common pleas is affirmed in part, and we remand for proceedings consistent with this opinion.

## ORDER

NOW, March 15, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed insofar as it dismissed Local 325's general damage claim, and we remand for proceedings consistent with this opinion on the issue of business dislocation damages.

Jurisdiction relinquished.