Jacobs, et ux. *v.* Nether Providence Township.

Argued October 5, 1972, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*John W. Wellman,* with him *Steven G. Brown,* and *Fronefield, deFuria and Petrikin,* for appellant.

*William G. Adamson,* Delaware County Legal Assistance Association, Inc., for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, December 1, 1972:

Procedure questions involved in this case impinge upon the substantive issue of whether a property owner's allegations of actions taken by a local government are sufficient, if proven, to establish a de facto "taking" or compensable injury within the meaning of the Eminent Domain Code, Act of June 22, 1964, Special Session, P. L. 84, as amended, 26 P.S. §1-101.

Appellees own residential property in Nether Providence Township, Delaware County. On March 5, 1971, they filed a petition for the appointment of viewers seeking redress from the township for damages to their property caused by the flooding of a drainage ditch and creek bed at the rear of their property allegedly caused by the concentration and channeling of storm water drainage into their property from three "upstream" land developments.

With respect to the construction of four houses on acreage formerly an orchard it is alleged that the township approved the project under a subdivision ordinance and drainage "from the tract was approved." Similarly, as to the construction of a nursing home, the township is alleged to have approved the same "under general powers" and drainage "from this tract was approved." As to the third development, a new high school facility on a forty acre tract requiring extensive regrading and drainage of a swampy area which included the construction of a collecting pond, it is alleged that the township "participated in design and approved drainage of this tract."

The township filed preliminary objections asserting that (1) the court lacked jurisdiction to entertain the petition, (2) petitioners failed to state a cause of action, and (3) a prior action in equity by the property owners against the township involving the same facts is res judicata of this proceeding.

After argument, a majority of the court dismissed the township's preliminary objections and directed the viewers to make findings of fact respecting petitioners' claim that the township had effected a taking "in accordance with Section 511(4) of the Eminent Domain Code." It is from this order that the township has appealed to this Court, to which appeal petitioners (appellees here) filed a motion to quash for want of an appealable order.

Procedural questions of first impression arise from this order and its supporting opinion by a majority of the court.

Although the Eminent Domain Code does not specifically so provide, we have sanctioned the use of preliminary objections as the appropriate procedure to test the legal sufficiency of a petition for the appointment of viewers filed by a property owner alleging a de facto "taking" or compensable injury to his property by a governmental body. *Commonwealth's Crosstown Expressway Appeal,* 3 Pa. Commonwealth Ct. 1, 281 A. 2d 909 (1971).

Not raised in nor specifically decided by *Crosstown,* however, are the respective roles of the trial court and the viewers in those cases in which preliminary objections in the nature of a demurrer are filed by the governmental body to the property owner's petition. If the trial court concludes as a matter of law that the averments of a property owner's petition, taken as true, are insufficient to state a cause of action of a de facto "taking" or compensable injury, it should, of course,

sustain the preliminary objections and dismiss the petition or possibly allow the petitioner to enlarge his pleading.

More troublesome, however, are those instances in which the trial court concludes that such averments, if proven, may or do make out a cause of action for which compensable injury or damages might be established. Should the matter then proceed to the viewers with subsequent review by the court or should the trial court itself proceed to make an evidentiary record, if necessary, and then determine the legal sufficiency of the claim?

In the instant case a majority of the trial court was of the opinion that the matter should proceed to the viewers whom it charged to make findings of fact as to whether a de facto "taking" was effected and that this issue would then be subject to further review by the court.

The role of preliminary objections to a formal declaration of taking in eminent domain cases as prescribed by Section 406 of the Eminent Domain Code, 26 P.S. §1-406, and as construed by the Supreme Court and this Court is not precisely that of preliminary objections as prescribed by the Pennsylvania Rules of Civil Procedure in actions covered by those rules. In eminent domain cases, they serve a somewhat broader purpose and are intended as a procedure to resolve expeditiously threshold legal issues without awaiting further proceedings before viewers and possibly a jury trial on appeal from a viewer's report. In directing the court to determine promptly all preliminary objections, to make such orders as necessary, including a final order, and to take evidence by deposition or otherwise if issues of fact are raised, the provisions of Section 406 manifest a legislative intent to have such matters judicially determined prior to further proceed-

ings thereby avoiding what might prove to be the unnecessary expenditure of considerable amounts of money and time incident to proceedings before viewers and to a jury trial on appeal from a viewer's report. *McConnell Appeal*, 428 Pa. 270, 236 A. 2d 796 (1968); *Golden Dawn Shops, Inc. v. Philadelphia Redevelopment Authority*, 3 Pa. Commonwealth Ct. 314, 282 A. 2d 395 (1971).

Having sanctioned the use of preliminary objections as the appropriate procedure to test the legal sufficiency of a petition for the appointment of viewers alleging a de facto "taking" or compensable injury (*Crosstown, supra*), we are of the opinion that the role of such preliminary objections should be of the same scope and serve the same purpose as that assigned to preliminary objections to a formal declaration of taking.

In the instant case, therefore, the trial court should have finally passed upon the sufficiency of the petition in stating a cause of action upon the legal theory pleaded, or alternatively, allowed an amendment or taken evidence by deposition or otherwise so that it might make such a judicial determination.

In a number of recent decisions we have had occasion to consider the difficult question of what actions or activities of government or an entity clothed with the power of eminent domain constitute a de facto "taking" or result in a compensable injury to property absent a formal declaration of taking. *Nelis v. Redevelopment Authority of Allegheny County*, 4 Pa. Commonwealth Ct. 533, 287 A. 2d 880 (1972); *Crosstown, supra; Hazleton Redevelopment Authority v. Hudock*, 2 Pa. Commonwealth Ct. 670, 281 A. 2d 914 (1971). *See also Commonwealth Appeal*, 422 Pa. 72, 221 A. 2d 289 (1966). These decisions should afford guidance in the instant case. *See also* Annot., 37 A.L.R. 3d 127 (1971), which cites authority for the proposition that

the mere plotting or planning in anticipation of a public improvement does not constitute a "taking" or compensable injury to the property affected. Similarly, the act of approving drainage plans may not be sufficient to impose liability on the approving authority for compensable injuries resulting from the completed drainage system where the approval is ministerial in nature. However, a municipality may be liable for a compensable injury where it tacitly approves a public improvement and/or supplements the improvement creating the harm. *Hughes v. Elizabeth Borough,* 343 Pa. 175, 22 A. 2d 726 (1941). Thus, liability of a municipality for compensable injury to property may depend on the nature of that municipality's participation with regard to the creation of the improvement causing the harm.

As we must remand this case for further proceedings, we need not reach appellees' motion to quash the appeal. We would also note that the trial court in dismissing the township's preliminary objections did not in its opinion discuss its reason for apparently concluding that the prior equity action is not res judicata of this proceeding; this should be rectified in further proceedings on remand.

The order of the lower court appointing a jury of view and directing further proceedings before the viewers is hereby set aside, and the case is remanded to the Court of Common Pleas of Delaware County for further proceedings consistent with this opinion.