In Re: The Petition of James E. Ramsey and Kathryn H. Ramsey, his wife, Appellees, Tenants by the Entireties, for the Appointment of Viewers to Ascertain Damages to Their Land in Unity Township, Westmoreland County, Pennsylvania, by Reason of the Use of and Location of the Glide Path and Landing Approach of the Westmoreland County Airport Authority.

Westmoreland County Airport Authority, Appellant.

Argued May 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Charles C. Mason, Jr.,* with him *Robert P. Lightcap,* and *Lightcap, McDonald & Moore,* for appellant.

*William J. Ober,* with him *Scales and Shaw,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, July 10, 1975:

Averring a de facto or inverse condemnation of their property by appellant, Westmoreland County Airport Authority, appellee property owners filed a petition for the appointment of viewers pursuant to section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, 26 P.S. §1-502(e).

The Authority then filed preliminary objections to the petition raising a number of issues, including a demurrer, which objections were dismissed by the lower court. In its order dismissing the objections, the lower court also directed the Authority to plead over, and in its supporting opinion, stated that the matter should then proceed before viewers previously appointed. The Authority then took this appeal, raising essentially two issues.[1]

Appellant initially contends that the lower court erred in concluding that the averments of the property owners' petition, taken as true, are sufficient as a matter of law to establish a de facto taking. Secondly, assuming the sufficiency of the property owners' petition, the lower court erred in not directing the property owners to plead with more particularity and in directing the matter to proceed before viewers without further evidentiary proceedings before the lower court. We affirm the lower court in not dismissing appellees' petition for the appointment of viewers, but for reasons herein expressed, reverse the lower court order directing appellant to plead over and proceed before viewers and remand for further pleadings and procedures before the court.

1. Although appellee property owners did not move to quash the appeal as one from an interlocutory order, appellant suggests a third issue of its right to appeal from the lower court order dismissing its preliminary objections. It is now settled that appeals from such orders are allowed. *Rawls v. Central Bucks Joint School Building Authority*, 8 Pa. Commonwealth Ct. 491, 303 A.2d 863 (1973).

In *Jacobs v. Nether Providence Township,* 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972), this Court delineated the responsibilities of lower courts when confronted with a petition for appointment of viewers to which preliminary objections had been filed. Therein we held that if a preliminary objection in the nature of a demurrer was filed, the lower court must first decide whether as a matter of law the averments of the petition, taken as true, are sufficient to state a cause of action of a de facto taking. If not, the preliminary objections must be sustained and the petition dismissed or possibly allow the petitioner to amend his pleading. If the averments, taken as true, might establish a de facto taking, the lower court must take evidence by deposition or otherwise so that a judicial determination might be made. If the averments on their face establish a de facto taking, then the preliminary objections must be dismissed as has happened in the case at bar.

Turning to the petition itself, appellee property owners identify the property in question as being in Unity Township, Westmoreland County, and by street number. They next allege that the airport is operated by appellant Authority; that appellant and its predecessor, the Tri-City Municipal Authority, constructed a runway at the airport, which runway deprives appellees of the peaceful use and enjoyment of their lands by reason of a glide path and landing approach established for airplanes utilizing the airspace over the airport "immediately" above appellees' property. Additionally, appellees allege that appellant installed lights and undefined "electronic devices" incident to the operation of the airport and that those lights and devices interfere with appellees' use and enjoyment of their land.

In our view, the lower court correctly concluded that petitioners' averments of the violation of the airspace immediately above their premises are sufficient to state a cause of action as to these averments under the doctrine

of *Griggs v. County of Allegheny*, 369 U.S. 84 (1962). However, we do not agree that their averments as to injury being visited upon them by the airport lights and its "electronic devices" even minimally meet fact pleading requirements to state a cause of action as to this particular injury. Their pleading as to this injury is at best notice pleading far short of fact pleading required by our Rules of Civil Procedure. To the extent that appellees assert injury and seek damages for such an injury, they should be required to plead with more particularity or suffer dismissal of this particular alleged injury.

As previously indicated, the appellees have alleged the location of their property, and thus, with minimal supporting evidence, they can establish its proximity and exact location with respect to the airport. Similarly, appellees have alleged that the glide path and landing approach to the airport violate their airspace in that aircraft fly "immediately above" appellees' property. This averment is sufficient as previously noted to permit appellees to augment that averment with evidence as to the number of aircraft violating their airspace, the height of the aircraft over their property, and the noise level created by the passage of said aircraft, *Griggs, supra*. We further note that appellant's second preliminary objection raises numerous factual issues as to the number and height of aircraft approaching the airport, and also appellant avers that appellees' property is not located, as to the airport, in such a position as gives rise to a de facto "taking." These and any other factual disputes will be left to the lower court to resolve in reaching its conclusion as to whether a de facto taking has occurred, a responsibility it must assume before the matter may proceed to viewers.

For the foregoing reasons, we remand this case to the lower court for further proceedings, wherein appellees shall be afforded an opportunity to amend their petition as to their claim for injuries by reason of the airport

lights and its electronic devices or suffer dismissal of their petition as to such injury, after which time appellant shall be directed to answer appellees' petition or amended petition, as the case may be, and then to proceed by evidentiary hearing or otherwise so that a judicial determination might be made of whether the property owners, based upon the evidence, established a de facto or inverse condemnation of their property as a matter of law.