Timothy J. Reilly and J. Emmett Reilly, Co-Partners, Trading and Doing Business as Reilly Contracting Company *v.* Commonwealth of Pennsylvania, Department of Environmental Resources and The General State Authority. Commonwealth of Pennsylvania, The General State Authority, Appellant.

Timothy J. Reilly and J. Emmett Reilly, Co-Partners, Trading and Doing Business as Reilly Contracting Company *v.* Commonwealth of Pennsylvania, Department of Environmental Resources and The General State Authority. Commonwealth of Pennsylvania, Department of Environmental Resources, Appellant.

612

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

Argued October 6, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

*H. Warren Ragot,* Assistant General Counsel, with him *Michael A. Madar,* General Counsel, for appellant, The General State Authority.

*John W. Carroll,* Assistant Attorney General, for appellant, Department of Environmental Resources.

*Thomas L. Kennedy,* with him *Cletus M. Lyman, Cletus P. Lyman* and *Walter L. Lyman,* for appellees.

Opinion by Judge Mencer, November 14, 1975:

In *Jacobs v. Nether Providence Township,* 6 Pa. Commonwealth Ct. 594, 297 A. 2d 550 (1972), we held that

the trial court faced with preliminary objections to a petition for appointment of a board of viewers in a de facto condemnation case must judicially determine as a threshold legal issue whether or not there has been a de facto "taking" or compensable injury within the meaning of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, *as amended,* 26 P.S. §1-101 et seq. Our *Jacobs* holding controls the present appeal.

Appellees own property in Luzerne County which, before November 15, 1967, was part of an area zoned "S-1 Suburban Residence District." Appellees alleged in their petition for the appointment of viewers that the Pennsylvania Department of Forests and Waters, now the Department of Environmental Resources, caused the Board of Commissioners of Luzerne County to rezone so that appellees' property became a part of a "C-1 Conservation District." Appellees claim the action of representatives of the Commonwealth in causing rezoning of their property constituted a condemnation and complete acquisition of their property as of November 15, 1967.

On June 15, 1973, appellees filed a petition for the appointment of viewers and, on July 10, 1973, The General State Authority filed preliminary objections asserting that the change of zoning affecting appellees' property did not constitute a "taking" and, therefore, appellees failed to state a cause of action. On September 19, 1973, the trial court, without taking evidence, dismissed the "Defendants" preliminary objections. In its order of dismissal the trial court stated, *inter alia*: "Plaintiffs [appellees] *having pleaded facts* sufficient to constitute a taking of their property by the Defendants [appellants], all of Defendants' Preliminary Objections are Dismissed." (Emphasis added.) In its opinion in support of this order the trial court explained its reasoning for dismissing the preliminary objections by this statement: "It is the opinion of the Court that the Petitioners [appellees] have very plainly, clearly, and extensively pleaded facts, *which*

*if proven,* will entitle them to relief under the authorities above cited." (Emphasis added.)

It is obvious that the trial court reached its ruling on the preliminary objections on the basis of "pleaded facts" which "if proven" would constitute a de facto "taking." This view left to the viewers the determination that must initially be made by the trial court. In *Jacobs v. Nether Providence Township, supra,* we dealt with the situation where the trial court concludes that the averments of a property owner's petition, if proven, may or do make out a cause of action for which compensable injury or damages might be established. In *Jacobs,* we stated:

"Although the Eminent Domain Code does not specifically so provide, we have sanctioned the use of preliminary objections as the appropriate procedure to test the legal sufficiency of a petition for the appointment of viewers filed by a property owner alleging a de facto 'taking' or compensable injury to his property by a governmental body. Commonwealth's Crosstown Expressway Appeal, 3 Pa. Commonwealth Ct. 1, 281 A. 2d 909 (1971).

. . . .

"The role of preliminary objections to a formal declaration of taking in eminent domain cases as prescribed by Section 406 of the Eminent Domain Code, 26 P. S. §1-406, and as construed by the Supreme Court and this Court is not precisely that of preliminary objections as prescribed by the Pennsylvania Rules of Civil Procedure in actions covered by those rules. In eminent domain cases, they serve a somewhat broader purpose and are intended as a procedure to resolve expeditiously threshold legal issues without awaiting further proceedings before viewers and possibly a jury trial on appeal from a viewer's report. In directing the court to determine promptly all preliminary objections, to make such orders as necessary, including a final order, and to take evidence by depo-

sition or otherwise if issues of fact are raised, the provisions of Section 406 manifest a legislative intent to have such matters judicially determined prior to further proceedings thereby avoiding what might prove to be the unnecessary expenditure of considerable amounts of money and time incident to proceedings before viewers and to a jury trial on appeal from a viewer's report. McConnell Appeal, 428 Pa. 270, 236 A. 2d 796 (1968) ; Golden Dawn Shops, Inc. v. Philadelphia Redevelopment Authority, 3 Pa. Commonwealth Ct. 314, 282 A. 2d 395 (1971).

"Having sanctioned the use of preliminary objections as the appropriate procedure to test the legal sufficiency of a petition for the appointment of viewers alleging a de facto 'taking' or compensable injury (Crosstown, supra), we are of the opinion that the role of such preliminary objections should be of the same scope and serve the same purpose as that assigned to preliminary objections to a formal declaration of taking." 6 Pa. Commonwealth Ct. at 597-99, 297 A. 2d at 552-53.

We must conclude that in the instant case the trial court should have taken evidence by deposition or otherwise so that *it* could have made a judicial determination that the *proved* allegations of the petition for viewers did or did not constitute a de facto "taking" or compensable injury. Therefore, we must remand this case for further proceedings.

The order of the Court of Common Pleas of Luzerne County dismissing the preliminary objections of The General State Authority of the Commonwealth of Pennsylvania is hereby set aside, and the case is remanded to that Court for further proceedings consistent with this opinion.