## Ruth A.M.E. Zion Church v. Redevelopment Authority

*Cyril T. Garvey,* for plaintiff.

*Bernard Goldstone,* for Redevelopment Authority.

*Jeffrey L. Giltenboth,* for Department of Transportation.

STRANAHAN, *P. J.,* December 17, 1975—The matter before the court is the disposition of preliminary objections filed by both the Redevelopment Authority of Sharon (hereinafter the "Authority") and the Commonwealth of Pennsylvania, Department of Transportation, (hereinafter "PennDot") to a petition for viewers filed by the Ruth African Methodist Episcopal Zion Church (hereinafter "Zion Church").

Zion Church is a nonprofit religious corporation and the owner in fee simple of certain property on the southwest corner of Ohio Street and Sterling Avenue in Sharon on which is erected a church and parsonage. This property is within the project boundaries of the South Flats Project, which is an urban redevelopment and renewal project of the Authority.

As part of this project, the Authority and PennDot executed an agreement on March 15, 1973, in which the latter agreed to construct, by contract or otherwise, and at its own expense, Legislative Route 43142, section AO1 from station O+16. to station 12+62. More specifically, this part of the

project involved the widening, improvement, paving and relocation of a portion of Ohio Street.

The agreement also provided that the Authority, at its own cost and expense, would obtain, by eminent domain or otherwise, the fee simple title to all land upon which the relocated portion of Ohio Street was to be constructed and would convey this land to PennDot. It further provided that construction would be in accordance with plans and specifications prepared or approved by PennDot and that PennDot would be reimbursed by the Authority for actual costs incurred in the construction of gutters, curbs, sidewalks and parking lot approaches. The agreement also contained provisions concerning removal of buildings and debris, fencing, relocation of utilities and road maintenance following completion of construction.

With respect to the property owned by Zion Church, the deed executed on March 19, 1974, between the Authority and PennDot shows that that property abutted on a portion of the property conveyed to PennDot for purposes of reconstructing Ohio Street. In its petition, Zion Church claimed its property had incurred consequential damages and alleged:

"9. As a result of the raise in grade of Ohio Street in front of the property of condemnee, occasioned entirely by the reconstruction of Ohio Street by the Department of Transportation in the furtherence of the Urban Renewal project of the Redevelopment Authority, the property of the condemnee has been severly damaged, the utility of the church building and parsonage has been partially destroyed, the access to the property and buildings has been restricted and severly damaged, a drainage prob-

lem has been created and the property of the condemnee has been otherwise damaged."

Moreover, in its petition, Zion Church named both the Authority and PennDot as "condemnors" liable for the alleged consequential damages.

Both the Authority and PennDot filed preliminary objections to this petition and, pursuant to a petition by the latter, an evidentiary hearing was held.

The first question raised is whether the petition filed and evidence adduced at the hearing are sufficient to state a claim for consequential damages under section 1-612 of the Eminent Domain Code.

The disposition of preliminary objections to petitions for the appointment of viewers by property owners alleging de facto takings or compensable injuries was decided in Jacobs v. Nether Providence Twp., 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972). The court held that preliminary objections testing the sufficiency of such petition should be sustained if, as a matter of law, such a petition, even if taken as true, is insufficient to establish a de facto taking or compensable injury. Additionally, the court held that where the averments of the petition are of such a nature that they may make out the cause of action, if proven, the trial court should resolve that issue before granting petition for viewers.

A number of considerations compel us to conclude that the petition and evidence presented at the hearing were sufficient to state a claim. First, the petition is drafted substantially in the language of section 1-612. Second, both the original and revised plans introduced into evidence by PennDot indicate that a change in grade in Ohio Street was

planned throughout the course of the project. Finally, and perhaps most importantly, the uncontradicted testimony of Richard E. Williams, the resident engineer for PennDot in this project, shows that defendants were aware of such potential damage because a number of meetings were held with representatives of Zion Church to discuss the problems attendant to the Ohio Street project and possible solutions thereto.

Parenthetically, it should be noted that the fact that Zion Church failed to introduce any of this evidence is immaterial. The fact is that the evidence presented by defendant is probative of the very facts which Zion Church had to prove to make out a cause of action for consequential damages.

As such, it is determined that the petition avers and the evidence advanced at the hearing establish a claim under section 1-612 of the Eminent Domain Code of June 22, 1964, (Sp. Sess.) P. L. 84, 26 PS 81-612.

The second and more difficult question raised is which of the defendants is liable as the condemnor for any alleged consequential damages incurred by Zion Church as a result of the Ohio Street construction project.

In resolving this question, the court is guided by the following definitions from section 1-201 of the Eminent Domain Code:

"(1) 'Condemn' means to take, injure or destroy private property by authority of law for a public purpose.

". . .

"(3) 'Condemnor' means the acquiring agency, including the Commonwealth of Pennsylvania, taking, injuring or destroying private property under authority of law for a public purpose.

" . . .

"(5) 'Acquiring agency' means any entity vested with the power of eminent domain by the laws of the Commonwealth, including the Commonwealth."

The positions of defendants are clear. PennDot maintains that the agreement between it and the Authority renders the latter the acquiring agency and thus the condemnor. As such, it concludes that the Authority is liable for any consequential damages arising out of the project.

PennDot further contends that it is acting only in a private contractor capacity in the instant case and that it should not be exposed to condemnor liability when acting in such a capacity as a matter of public policy. It argues that if it is held liable for consequential damages in such circumstances, it will be unable in the future to extend contracting services to local government units.

The Authority, on the other hand, argues that the obligations of the Authority with respect to the Ohio Street project are set forth in the agreement and that there is no provision imposing liability for consequential damages on it. It contends that the agreement does nothing to change the situation which would exist if PennDot had acquired the right-of-way itself.

In support of its argument, the Authority cites a number of cases for the propositions that a court cannot alter or make a new contract for the parties and that an agreement must be construed against the party preparing the agreement.

As noted previously, the question is a difficult one and persuasive arguments are presented on both sides. It is concluded, however, that the more tenable determination is that the Authority is the

condemnor on the Ohio Street project and thus liable for any consequential damages incurred with respect thereto.

It is noted first that the cases cited by the Authority for various canons of contract construction and interpretation are inapposite. These canons are applicable only where there is some ambiguity as to the terms of the contract. As the Authority admits in its brief, there is no ambiguity in the instant case, but rather the complete absence of an expressed term. The resolution of the question of liability for consequential damages turns completely on whether there is an implied obligation on the part of either party to assume such liability.

With respect to that question, it should be noted that the language of section 1-201(3), which defines "condemnor" requires that a condemnor must first be *the* acquiring agency. (Emphasis supplied.) It should also be noted that the comment to section 1-201(5) which defines "acquiring agency" states that "an acquiring agency becomes a condemnor upon the exercise of its power of condemnation."

The agreement between the Authority and PennDot clearly obligates the former to act as the acquiring agency in the instant case. As such, it is the only party which could meet the definitional requirements of section 1-201(3). As a matter of necessary implication then, it is concluded that the Authority, by assuming the obligation of acquiring the property for the right-of-way, also assumed the duties and liabilities incident to the status of an acquiring agency, including liability for consequential damages.

Parenthetically, it should be noted that questions of liability for consequential damages should not be

left to implication but should rather be expressly provided for in the terms of the agreement between PennDot and the local government unit. As the present litigation indicates, such a provision is an important clause. Moreover, since the parties to such an agreement are both governmental bodies with able counsel to aid it on its legal questions, it is presumed that the question of liability is a term which could be effectively bargained for by the parties.

In light of the reasons set forth above, it is determined:

(1) That a claim for consequential damages was alleged and established.

(2) That PennDot be stricken off the record as a condemnor-defendant and the petition for appointment of a board of viewers be dismissed as to it.

(3) That the preliminary objections of the Authority be dismissed.

(4) That a board of viewers be appointed pursuant to section 1-502(e) to ascertain just compensation and other damages for compensable injuries incurred by Zion Church.

## ORDER

And now, December 17, 1975, the preliminary objection of the Pennsylvania Department of Transportation is sustained, and it is directed that it is dismissed as a party-defendant in this case.

It is further ordered that the preliminary objection of the Redevelopment Authority of the City of Sharon is dismissed.

It is further ordered that the viewers as appointed by this court on June 27, 1975, shall proceed with the hearing in this matter.