Elmer J. Greger and Ida Mae Greger, His Wife *v.* Canton Township, a Municipal Corporation, The City of Washington, a Municipal Corporation, and the Pennsylvania Department of Transportation. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Elmer J. Greger and Ida Mae Greger, His Wife *v.* Canton Township, a Municipal Corporation, The City of Washington, a Municipal Corporation, and the Pennsylvania Department of Transportation. The City of Washington, Appellant.

Elmer J. Greger and Ida Mae Greger, His Wife *v.* Canton Township, a Municipal Corporation, The City of Washington, a Municipal Corporation, and the Pennsylvania Department of Transportation. Canton Township, Appellant.

Argued May 3, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*Donald J. McCormick,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant, Commonwealth.

*W. Bryan Pizzi, II,* Solicitor, for appellant, City of Washington.

*John Solomon,* for appellant, Canton Township.

*Murray S. Love,* with him *Wayne A. Bradley,* and *Sikov and Love,* for appellees.

Opinion by Judge Mencer, June 23, 1976:

Elmer J. Greger and Ida Mae Greger, his wife (property owners), averring a de facto condemnation

of their property by the Township of Canton, the City of Washington, and the Pennsylvania Department of Transportation (appellants), filed a petition for the appointment of viewers, pursuant to Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e).

On July 3, 1974, the Court of Common Pleas of Washington County issued an order declaring that with agreement of all parties the court en banc would defer rendering any decision until such time as the property owners filed an amended petition for the appointment of viewers. On January 24, 1975, the property owners did file their amended petition, to which all appellants filed preliminary objections. The preliminary objections raise the questions of (1) whether the petitioners' action is barred by the six-year limitation period for filing a petition for the appointment of viewers, as provided in Section 524 of the Eminent Domain Code, 26 P.S. §1-524, and (2) whether or not the property owners have alleged sufficient facts to set forth a de facto taking of their property.

The trial court concluded that the allegations of the petition, if proved, would constitute a de facto taking of the petitioners' property and, without taking any evidence, dismissed the preliminary objections. This ruling left to the viewers the determination of whether the evidence offered in support of the allegations of the petition would or would not constitute a de facto taking, a determination that must initially be made by the trial court on an evidentiary record developed before that court. In addition, the trial court stated that whether or not the property owners' allegations in their amended petition that acts of which they complain occurred within the six-year period of limitation were true could only be ascertained by the taking of testimony and that a board of view is the forum before which this should be done.

The procedural question raised by this appeal is not one of first impression with this Court. We held in *Jacobs v. Nether Providence Township,* 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972), that the trial court must itself make an evidentiary record and resolve the issue of a de facto taking raised by preliminary objections. We have followed that holding in a number of cases of which *Reilly v. Commonwealth of Pennsylvania,* 21 Pa. Commonwealth Ct. 611, 346 A.2d 918 (1975), and *Petition of Ramsey,* 20 Pa. Commonwealth Ct. 207, 342 A.2d 124 (1975), are representative.

Accordingly, the order of the Court of Common Pleas of Washington County dismissing the preliminary objections filed by the appellants is hereby set aside, and the case is remanded to that court for further proceedings consistent with this opinion.