City of Philadelphia, Appellant *v.* Raymond Martorano, Appellee.

Argued September 28, 1978, before Judges CRUM-LISH, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*Barbara R. Axelrod,* Assistant City Solicitor, with her *Sheldon L. Albert,* City Solicitor, and *James M. Penny, Jr.,* Deputy City Solicitor, for appellant.

*Lewis Kates,* with him *Kates & Livesey,* for appellee.

OPINION BY JUDGE DISALLE, November 27, 1978:

This is an appeal by the City of Philadelphia (City) from an order of the Court of Common Pleas of Philadelphia County dismissing its Preliminary Objections. We reverse.

On July 22, 1974, the City acquired by condemnation a portion of real estate in Philadelphia, Pennsylvania, known as Pier 27 North. On July 14, 1976, Raymond Martorano (Appellee), pursuant to Section 502(e) of the Eminent Domain Code (Code), Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e), filed a petition for the appointment of viewers, alleging that he was the former lawful occupant of a lunchwagon that had been affixed to said pier, and that by acquiring the pier, the City had caused him to become a "displaced person" within the meaning of Section 201(8) of the Code, 26 P.S. §1-201 (8). The City filed preliminary objections denying that Appellee had lawfully occupied the pier and averring that he was a squatter with absolutely no legal right to occupy the premises. Therefore, according to the City, Appellee was not a "displaced person" under the Code and could assert no claim for damages. By an order dated October 19, 1976, the court below, without conducting an evidentiary hearing, concluded that a compensable displacement had occurred and dismissed the City's preliminary objections.

This Court has consistently held that where a party has filed preliminary objections to a petition for the appointment of viewers, the trial court may not dismiss those objections without first conducting an evidentiary hearing to determine whether there has been a de facto taking or other compensable injury. *Greger v. Canton Township*, 25 Pa. Commonwealth Ct. 279, 360 A.2d 792 (1976); *Reilly v. Department*

*of Environmental Resources*, 21 Pa. Commonwealth Ct. 611, 346 A.2d 918 (1975); *Petition of Ramsey*, 20 Pa. Commonwealth Ct. 207, 342 A.2d 124 (1975); *Jacobs v. Nether Providence Township*, 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972).[1]

Appellee argues that the cases cited deal solely with de facto condemnations, and do not apply where, as here, the proceedings involve displacement damages only. We disagree. In *Jacobs, supra,* President Judge BOWMAN repeatedly refers to petitions alleging a de facto taking *or compensable injury.* We remind Appellee that the Section under which he seeks to have viewers appointed, 502(e), allows the condemnee to petition for such appointment where "there has been a *compensable injury* suffered." Displacement damages clearly fall in the category of "compensable injury." Obviously, the distinction Appellee would have us draw lacks legal significance.

Appellee next argues that the City's preliminary objections raise no issues of fact upon which an evidentiary hearing need be held. He contends that given the City's admission that Agnes Borner was the former primary tenant, and given Ms. Borner's statement that she lawfully sublet the premises to Appellee, the City's "bald assertion" that Appellee occupied the premises illegally places nothing in dispute because the City did not and could not aver any facts to support such an allegation. In other words, the City's admission, when coupled with Ms. Borner's

---

[1] Of course, "[i]f the trial court concludes as a matter of law that the averments of a property owner's petition taken as true, are insufficient to state a cause of action of a de facto 'taking' or compensable injury, it should . . . sustain the preliminary objections and dismiss the petition or possibly allow the petitioner to enlarge his pleading." 6 Pa. Commonwealth Ct. at 597-98, 297 A.2d at 552.

statement that Appellee had obtained her "properly given permission" to occupy the pier, conclusively establishes the legality of his occupancy. We disagree. Although the City's preliminary objections are hardly the model of specificity and preciseness, they do place the lawfulness of Appellee's occupancy at issue, and the lower court erred in characterizing the allegations as merely "generalized conclusions of law and vague denials."

Appellee argues lastly that because the City, after filing its preliminary objections, failed to affirmatively demand an evidentiary hearing, it has somehow waived its right to such a hearing. This Court, in *City of Philadelphia v. Airportels, Inc.*, 14 Pa. Commonwealth Ct. 617, 322 A.2d 727 (1974), declared preliminary objections to be the *exclusive* method of testing the legal and factual sufficiency of a petition for the appointment of viewers. And in *Jacobs, supra,* and its progeny, we outlined the circumstances in which it would be inappropriate for a trial court to dismiss preliminary objections without first conducting an evidentiary hearing. We refuse to read into these cases the requirement that a party otherwise entitled to an evidentiary hearing must make formal demand therefor, especially when the holding of such hearings is essential to our eventual review of these matters.

We reverse and remand for proceedings consistent with this opinion.

ORDER

AND Now, this 27th day of November, 1978, the order of the Court of Common Pleas of Philadelphia County, dated October 19, 1976, is reversed, and the case is remanded to that court for further proceedings consistent with this opinion.