Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* George E. Gwilliam, Jr. and Nancy R. Gwilliam, his wife, Appellees.

Submitted on briefs November 18, 1981, to Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Peter J. Comerota,* with him *Ward T. Williams,* Chief Counsel, for appellant.

*William R. Keller,* for appellees.

PER CURIAM MEMORANDUM AND ORDER, December 14, 1981:

Private property owners, the appellees here, instituted this de facto condemnation case by filing a petition for appointment of viewers with the Common Pleas Court of Luzerne County, alleging injury to their property as a consequence of a sewer line installation and the resurfacing of a state road by a sewer authority pursuant to permit issued by Pennsylvania Department of Transportation, which is here the appellant because the common pleas court dismissed its preliminary objections after considering deposition evidence.

This court is unable to decide the appeal, as submitted on briefs, because the record is insufficient to permit us to do so. Not only do we lack an opinion of the common pleas court, as required by Pa. R.A.P. 1925 (a lone citation in the order not being equivalent to an opinion), but, more importantly, the common pleas court, as the fact-finding tribunal, has not provided us with any factual findings whatsoever to indicate the basis for the apparent conclusion that there was a de facto taking. *Petition of Ramsey,* 20 Pa. Commonwealth Ct. 207, 342 A.2d 124 (1975); *Jacobs v. Nether Providence Township,* 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972). Although the determination of the nature and extent of the damages is left

176

to the board of viewers, the common pleas court cannot arrive at a conclusion as to de facto taking here unless it factually determines the relationship, if any, of the Commonwealth to the injury, if any. Not being the factfinder, this court cannot rely upon our own inferences with respect to permit issuance or the presence or absence of supervision, or other matters.

We must remand for an opinion and the necessary findings by the common pleas court, in accordance with judicial rules and the law.

ORDER

Now, December 14, 1981, this case is remanded to Judge PATRICK J. TOOLE, JR., of the Court of Common Pleas of Luzerne County for an opinion and findings as required by rules of court and the law, in accordance with the foregoing opinion, to be filed and transmitted to the Chief Clerk of this court, whereupon either party may file a praecipe for argument or, with the joinder of the other party, for resubmission upon briefs.