Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* George E. Gwilliam, Jr. and Nancy R. Gwilliam, his wife, Appellees.

Submitted on briefs November 18, 1981, to Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Peter J. Comerota,* with him *Ward T. Williams,* Chief Counsel, for appellant.

*William R. Keller,* for appellees.

OPINION BY JUDGE CRAIG, March 16, 1982:

Private property owners, the appellees here, instituted this de facto condemnation case by filing a petition for appointment of viewers with the Common Pleas Court of Luzerne County, alleging injury to their

property as a consequence of a sewer line installation and the resurfacing of a state road by a sewer authority pursuant to permit issued by Pennsylvania Department of Transportation, which is here the appellant because the common pleas court dismissed its preliminary objections after considering deposition evidence.

Pursuant to initial submission of the case to us upon briefs, we found it necessary to remand to the common pleas court for an opinion, as required by Pa. R.A.P. 1925, and, more importantly, for findings of fact to provide a basis for the conclusion that there was a de facto taking. *Petition of Ramsey*, 20 Pa. Commonwealth Ct. 207, 342 A.2d 124 (1975); *Jacobs v. Nether Providence Township*, 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972).

Judge TOOLE, of the Court of Common Pleas of Luzerne County, has accordingly entered an opinion containing clear and concise findings which fix upon the Commonwealth the responsibility for the injury here, in the nature of a limited period easement for drainage, the appellee department having subsequently taken steps to correct the problem.

After reviewing the opinion and findings, in the light of the evidence supplied by the depositions, we agree with the trial judge's reliance upon *Hughes v. Elizabeth Borough*, 343 Pa. 175, 22 A.2d 726 (1941) as authority for the proposition that the facts here support a de facto taking and a proceeding before the board of viewers as the remedy.

The matter will proceed to the board of viewers for assessment of the extent of damages, pursuant to our affirmance of the order appealed.

ORDER

Now, March 16, 1982, the order of the Court of Common Pleas of Luzerne County of October 7, 1980,

as reiterated upon remand by order of December 23, 1981, is hereby affirmed.

Judge PALLADINO did not participate in the decision of this case.