Commonwealth of Pennsylvania, Department of Transportation, Appellant *v*. Joseph M. and Mary Florek, his wife, Appellees.

616

Argued December 16, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*John V. Rovinsky,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*David R. Lipka,* for appellees.

OPINION BY JUDGE ROGERS, February 8, 1983:

The Commonwealth of Pennsylvania, Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Luzerne County dismissing the Department's preliminary objections to the complaint of Joseph and Mary Florek in which the Floreks aver that the Department has, by permitting

storm water to accumulate on their property, deprived them of its full use and enjoyment. The Floreks further aver that the offending water is collected by the impervious surface of an adjacent state highway within the Department's jurisdiction and is conducted onto and under their land by means of a storm drainage system which the Department has a duty to maintain but which has been the subject of inadequate maintenance. Finally, in their complaint the Floreks pray that a board of viewers be appointed to assess their damages related to this alleged de facto taking of their property by the Department.

The Department timely filed preliminary objections to the complaint asserting that the averments summarized above do not describe a compensable taking of the Floreks' property. An amended complaint was thereafter filed and virtually identical preliminary objections interposed with respect to the amended complaint.[1]

Thereafter the matter of the preliminary objections was set down for argument to be conducted on June 9, 1981. The Department appeared by its counsel on the date fixed for argument and, on motion of the plaintiffs, the preliminary objections were dismissed by the trial judge for failure of the Department to have timely filed a brief as required by local Rule of Civil Procedure Number 210 which is as follows:

Rule 210. Briefs

TIME FOR FURNISHING

(a) In any case listed for argument, the proponent must furnish copies of his brief to op-

---

[1] In its written argument presented in this Court, the Department asserts, with reference to depositions taken of the Floreks and of one of their neighbors, that any storm water damage to the Floreks' property resulted from the Floreks' intentional blockage of a storm sewer lawfully located on their property. Evidently, the Department intended to raise this factual issue as to the cause of the damage by means of its preliminary objections.

posing counsel and each sitting judge no later than 4:00 P.M. on the second Monday preceding the argument week. The opponent shall furnish his brief to the proponent and each sitting judge no later than 4:00 P.M. on the Monday of the week preceding argument week. Copies for the court shall be filed with the Court Administrator.

DISMISSAL

(b) If the proponent is not ready to proceed with brief or fails to answer the call of the list on the day of argument, the matter shall be dismissed as of course.

EX PARTE ARGUMENT

(c) If the opponent is not ready to proceed with brief the proponent may proceed ex parte.

We first reject the Floreks' argument that the Department's appeal in this Court must be dismissed as untimely. The order of the trial court here challenged was entered on June 12, 1981. The Department filed a notice of appeal in the trial court one week later on June 19, 1981, well within the thirty-day appeal period authorized by Pa. R.A.P. 903. As the Floreks indicate, the Department's notice of appeal did not comply in form or content with the requirements of Pa. R.A.P. 904 and, as a consequence of the defects, the appeal was not perfected and the record was not transmitted to this Court until March 31, 1982, following the Floreks' praecipe requesting the transfer of the appeal. Nevertheless, Pa. R.A.P. 902 provides in pertinent part

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal....

Here, the notice of appeal was timely filed and was filed, as is required by Pa. R.A.P. 903, with the clerk of the lower court.

The Department contends that the trial court ought not to have dismissed its preliminary objections primarily because the Department's counsel received insufficient notice of the prior action of the court in listing the matter of the preliminary objections for briefing and argument rather than for an evidentiary hearing. The Department asserts, and the Floreks apparently concede, that the Department's attempted submission of a brief on June 1, 1981 would have been timely if the matter had been listed for a trial or hearing and the submission had been intended as a trial brief.

We have repeatedly held that preliminary objections in the context of eminent domain actions alleging a de facto taking serve a very different purpose from preliminary objections in other civil actions and that the appropriate response in such a case to the interposition of preliminary objections is the receipt by the trial court of evidence by means of deposition or otherwise. *City of Philadelphia v. Martorano*, 38 Pa. Commonwealth Ct. 573, 394 A.2d 674 (1978); *Greger v. Canton Township*, 25 Pa. Commonwealth Ct. 279, 360 A.2d 792 (1976); *Jacobs v. Nether Providence Township*, 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972).

Moreover, in *Werts v. Luzerne Borough Authority*, 15 Pa. Commonwealth Ct. 631, 329 A.2d 335 (1974) we held that the failure to comply with the Common Pleas Court of Luzerne County local Rule 210 was excused by the confusion that may well have resulted from the trial court's treatment of preliminary objections in a de facto taking case as raising exclusively legal issues to be briefed and argued when, instead, predominantly factual matters requiring the receipt of evidence were thereby put at issue. The Floreks offer no reason why the rationale of *Werts* is not equally applicable in the instant case and we therefore hold

that the noncompliance with the local rule by the Department's counsel was predicated on more than mere inadvertence, and that dismissal of the preliminary objections and the consequential inability of the Department to later challenge the sufficiency of the complaint accomplished an obvious injustice. *See Haney v. Sabia*, 59 Pa. Commonwealth Ct. 123, 428 A.2d 1041 (1981). *Cf. E.J. McAleer & Co., Inc. v. Iceland Products*, 475 Pa. 610, 381 A.2d 441 (1977). We, therefore, reverse the order of the trial court and remand the record for further proceedings consistent with this opinion.

Order reversed.

### ORDER

AND NOW, this 8th day of February, 1983, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby reversed and the record is remanded for further proceedings consistent with this opinion.