The Mountaintop Area Joint Sanitary Authority, Appellant *v.* John J. Malone, Jr. and Roberta M. Malone, his wife, Appellees.

Argued December 13, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

218

*Chester F. Dudick, Jr.,* with him *Joseph P. Mellody, Jr., Hourigan, Kluger & Spohrer Associates,* for appellant.

*John L. McDonald,* for appellees.

OPINION BY JUDGE MACPHAIL, March 31, 1983:

The instant case has as its genesis a complaint in equity by Mr. and Mrs. Malone, owners of property in Wright Township, Luzerne County, Pennsylvania, against the Mountaintop Area Joint Sanitary Authority (Authority) alleging that the diversion of storm water onto their land by the Authority by reason of the construction of a sanitary sewer system, entitles them to equitable relief. After extensive pleadings and a trial which was concluded, according to the Authority's brief, after the Malones' case was presented and before the Authority could present any evidence, a decree nisi was entered by the chancellor transferring the case to the law side of the Court. The decree read as follows:

> NOW, this 3rd day of February, 1981, the above-captioned action is transferred to the law side of the Court. The Court is also of the opin-

ion that this is without prejudice to the Plaintiffs since the action sounds in De Facto, Condemnation to proceed under the Eminent Domain Code.

This adjudication which I have just made shall be transcribed and filed in the office of the Prothonotary.

The parties have ten (10) days from today to file exceptions in accordance with the rules of Civil Procedure.

It appears that no exceptions were filed to the decree nisi but there is nothing in the record to indicate that the decree was made absolute.

On February 18, 1981, the Malones filed a petition for the appointment of a board of view pursuant to the provisions of Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, P.L. 84, *as amended,* 26 P.S. §1-502(e) alleging a de facto taking by the Authority. The petition contained a paragraph which incorporated into the eminent domain proceedings the entire proceedings of the equity action. All that was certified to or reproduced for us, unfortunately, are the pleadings from the equity case.

It also appears (from the Authority's brief) that a deposition of Mr. Malone was taken three days after the petition for appointment of viewers was filed but that deposition was not certified to us as a part of the record of the case[1] nor has it been reproduced for the disposition of this appeal.

The Authority then filed preliminary objections to the petition for the appointment of a board of view.

---

[1] The docket entries certified to us by the Prothonotary of the trial court discloses but four items in chronological order: a petition for the appointment for a board of view, preliminary objections, the decision and order of the trial court and a certificate of the service of notice of appeal to this Court.

The trial court, referring to Mr. Malone's deposition and the trial judge's review of the ''files'' of the equity proceeding, held that ''there is evidence to show that there has been a de facto taking'' and dismissed the preliminary objections.

It is well settled that before the trial court dismisses preliminary objections to a petition for the appointment of a board of viewers, it must conduct an evidentiary hearing. *City of Philadelphia v. Martorano*, 38 Pa. Commonwealth Ct. 573, 394 A.2d 674 (1978). The Authority argues to us that it has never had the opportunity to present its evidence on the issue of a de facto taking. The Authority's representation to us that the equity case was transferred to the law side before the Authority had the opportunity to present evidence, is not refuted by the Malones. As we have noted, the deposition of Mr. Malone was not made a part of the official record of this case and there is no indication whatsoever in the record that the Authority was advised by the trial court that the issue of a de facto taking would be disposed of by depositions.

In his opinion in support of the order now before us on appeal, the trial judge wrote:

> Accordingly, therefore, in view of Judge TOOLE's Opinion [in the equity case] and in our own review of the depositions of John J. Malone, we find that there is evidence to show that there has been a de facto taking.

In his adjudication of the equity proceedings, Judge TOOLE wrote.

> After hearing the evidence this Court is satisfied that the instant action is not cognizable in Equity as an adequate remedy does exist at law.

It would apear then that the trial judge concluded that since his colleague had decided that the action "sounds in de facto condemnation" and the deposition of Mr. Malone supported that conclusion, the preliminary objections of the Authority had no merit. Citing our opinion in *Greger v. Canlon Township,* 41 Pa. Commonwealth Ct. 20, 399 A.2d 138 (1979), the trial judge found the factual circumstances similar to those in the present case and held that case to be controlling here.

Assuming that the Authority had no opportunity to present evidence in the equity proceeding or in support of its preliminary objections, an assumption we make on the basis of the only record before us,[2] we must hold that the trial court erred when it dismissed the preliminary objections under such circumstances.

It may well be that the basic facts indicate that there was a de facto taking of the Malone property, an issue we do not decide at this time; but before that issue can be determined, it is incumbent upon the trial court to give the Authority the opportunity to present its evidence on that matter.

Order vacated and remanded for further proceedings consistent with this opinion.

ORDER

The order of the Court of Common Pleas of Luzerne County dated December 10, 1981 is vacated and the case is remanded for further proceedings not inconsistent with the foregoing opinion.

Jurisdiction relinquished.

---

[2] With ever increasing frequency, this Court is impeded in its appellate review process by the lack of an adequate record upon which to base its decision. While the burden is upon the appellant to furnish a record which complies with Pa. R.A.P. 1921 and 2152, the appellee also has a responsibility to correct or modify the record where it is incomplete or inadequate for appellate review. Pa. R.A.P. 1926.