Gordon H. McGowan and Elizabeth A. McGowan *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Ronald G. Fricker and Beatrice M. Fricker *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued February 4, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William P. Culp, Jr.,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellants.

*James J. Oliver,* with him *Wright, Manning & Sagendorph,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, March 23, 1976:

In each of these appeals, consolidated for argument, the individual property owners had filed petitions for the appointment of viewers to which the Pennsylvania Department of Transportation (PennDOT) interposed preliminary objections and additional preliminary objections raising both issues of fact and of law.

From the lower court's dismissal of PennDOT's additional preliminary objections[1] raising limitation of suit, PennDOT has appealed to this Court.

---

1. From the record it appears that the lower court considered only PennDOT's *additional* preliminary objection raising a statute of limitation. There is endorsed upon PennDOT's original preliminary objections an order of court continuing either a scheduled evidentiary hearing or an argument which notes an "understanding" that PennDOT's original preliminary objections were to be withdrawn. No such withdrawal appears of record. On remand these preliminary objections must also be disposed of unless formally withdrawn.

For want of an evidentiary record or essential facts admitted by the pleadings to support its decision, we must reverse the lower court's order and remand these eminent domain cases for further proceedings. *Jacobs v. Nether Providence Township,* 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972).

In each of the petitions seeking the appointment of viewers, the property owners appear to assert as the legal basis of their claim, a de facto taking for which they are entitled to seek the appointment of viewers to assess damages pursuant to Section 502(e) of the Eminent Domain Code,[2] i.e., a substantial interference with their use and enjoyment of their property by Penn-DOT incident to a road widening highway project involving a thirteen foot wide strip along the frontage of their properties. However, the absence of critical factual averments in these petitions in support of a right of recovery under a de facto theory suggests the possibility that the property owners may also be asserting a legal theory of their entitlement to just compensation following a formal condemnation.

Equally imprecise preliminary objections and a specific additional preliminary objection filed by Penn-DOT lend uncertainty to the legal defenses raised by PennDOT, and petitioners' "answers" to the original preliminary objections lend no clarity to the legal theory upon which they advance their cause.

Without essential facts admitted by the pleadings and without conducting an evidentiary hearing or otherwise supplying facts essential to resolution of either of the possible theories advanced by the property owners, the lower court, relying upon representation of facts apparently advanced by counsel at argument, dismissed PennDOT's additional preliminary objections. In doing

2. Act of June 22, 1964, Special Sess., P. L. 84, *as amended,* 26 P.S. §1-502(e).

so, it appears to have concluded that the property owners' theory rested upon a prior formal condemnation of the disputed land strip by PennDOT for which petitioners are presently entitled to damages for want of notice of condemnation having been given as required by law.

Considering the arguments of counsel for the respective parties to these appeals and their briefs—which make fact representations in support of their respective legal theories not of record below—there can be no question that an opportunity must be afforded to the parties to advance the legal theories upon which they rely with supporting evidence.

It is the property owners' theory, as we understand it, that *if* a prior formal condemnation had been effected by PennDOT, their right to damages is not barred by limitation of suit because notice thereof as required by law was not given to them; or alternately, that no prior formal condemnation had been effected by PennDOT and they are, therefore, entitled to seek damages under a "de facto" theory of taking. On the other hand, PennDOT relies upon a prior formal condemnation having been effected by it with notice as required by law having been given to the *then* owners or, alternately, that the *present* petitioners by reason of the prior formal condemnation, with or without proper notice or payment of just compensation to the *then* owners, have no right, title or interest in the disputed thirteen feet for which they here seek damages.

Given these possible alternative legal theories upon which petitioners might seek payment of just compensation or damages and the defenses raised thereto by PennDOT's preliminary objections and additional preliminary objections, there is a clear want of evidence of critical facts upon which these legal issues can be resolved or upon which the lower court can support its opinion and order.

Without a detailed analysis of the pleadings or the recitation of the entire litany of essential facts, we observe that if a prior formal condemnation of the disputed thirteen feet was effected by PennDOT, it is not known when it was done, its nature, under what statutory authority it was effected or the applicable statutory requirements, if any, of local recording of road widening plans and notice to affected property owners. Also unknown, if a formal condemnation had occurred, is whether any required notice was given to affected property owners and whether they were paid or tendered just compensation or otherwise settled their claim. Also unknown is when petitioners acquired their properties in relation to any such formal condemnation, which evidence is necessary to a determination of the legal issue of the right, title or interest petitioners have acquired, if any, to the disputed thirteen feet upon which their claim for just compensation or damages must rest.

It is also evident from the lower court's opinion that it has relied upon decisional and statutory law pertaining to the recording of plans for future highway construction as distinguished from a condemnation effected upon the recording of a plan to widen a highway without regard to when the work is commenced. If either is involved in this case, we do not know nor does the present record reflect which one is so involved.

The order of the lower court dismissing PennDOT's additional preliminary objection is hereby reversed and these appeals are remanded for further proceedings before the lower court by evidentiary hearing or otherwise for the purpose of resolving the factual and legal issues raised by the petitions for the appointment of viewers and all the preliminary objections filed thereto.