Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Gordon H. & Elizabeth A. McGowan and Ronald G. & Beatrice M. Fricker, Appellees.

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Gordon H. & Elizabeth A. McGowan and Ronald G. & Beatrice M. Fricker, Appellees.

Argued June 11, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Sandra L. Guydon,* Assistant Counsel, with her *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*William H. Bradbury,* with him *James J. Oliver, Wright, Manning & Sagendorph,* for appellees.

OPINION BY JUDGE MACPHAIL, September 8, 1982:

The Department of Transportation (DOT) has filed two appeals from an order of the Court of Common Pleas of Montgomery County which dismissed its preliminary objections to petitions for the appointment of viewers by the Appellees.[1] The appeals were consolidated for argument before this Court. We affirm.

Appellees are the owners of two parcels of land which front on DeKalb Pike in East Norriton Township, Montgomery County. The controversy in these appeals centers on a project undertaken by DOT in 1974 to widen DeKalb Pike, including the portion along Appellees' properties. Appellees allege that as a result of the project, DOT has taken a strip of their

---

[1] Gordon H. and Elizabeth A. McGowan and Ronald J. and Beatrice M. Fricker.

land which is thirteen feet wide and runs the full length of their frontage on the highway. As a consequence, Appellees filed petitions for the appointment of viewers[2] to assess damages for an actual taking which Appellees allege occurred on April 22, 1974. The petitions were granted on the same day they were filed, May 31, 1974. DOT subsequently filed preliminary objections and additional preliminary objections to the petitions. The additional preliminary objections were dismissed, after oral argument, by the trial court on April 11, 1975. An appeal from that order was taken by DOT to this Court.

On appeal, we ordered, per the late President Judge Bowman, that the matter be remanded for the trial court, by evidentiary hearing or otherwise, to resolve the factual and legal issues raised by the petitions for the appointment of viewers and the preliminary objections. *McGowan v. Department of Transportation*, 24 Pa. Commonwealth Ct. 154, 354 A.2d 11 (1976). The trial court, accordingly, conducted an evidentiary hearing and dismissed all preliminary objections by order dated May 14, 1981. That order is the subject of the instant appeals.

Before proceeding to the merits, we note our agreement with the trial court's decision to disregard a report of the board of viewers filed after the remand by this Court. The board held a hearing following our remand apparently in the belief that it was to conduct the evidentiary hearing required by our decision. The law is clear, however, that *the trial court* must resolve the legal and factual issues raised by the pleadings before the matter may proceed to a board of viewers. *Jacobs v. Nether Providence Township*, 6 Pa. Commonwealth Ct. 594, 297 A.2d 550

---

[2] *See* Section 502(e) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e).

(1972). Thus, the trial court was correct in disregarding the report of the board of viewers.[3]

Turning to the merits, the crucial issue raised by DOT in these appeals is whether a *valid* condemnation of the strips of land in question actually occurred in 1948, at which time the Governor of Pennsylvania allegedly approved a highway plan effecting an immediate condemnation of those lands. If a valid condemnation did occur, Appellees' present claims for damages would be barred by the then applicable six year statute of limitations.[4] It is undisputed that Appellees did not own the subject properties in 1948 and that their predecessors in title who did own the properties at that time were never compensated for the alleged condemnations. It is also undisputed that Appellees have been the record owners of the properties since at least 1972 and that they never received notice of a formal condemnation in connection with the actual widening of DeKalb Pike in 1974.

Although DOT apparently presented no statutory authority to the trial court for the alleged condemnations, it argues on appeal that the strips of land which Appellees allege were taken in 1974, were actually condemned by the Commonwealth in 1948 pursuant to the State Highway Law (Law). More specifically, DOT argues that the taking was effected under Section 210 of the Law, 36 P.S. §670-210, which provides that the approval of plans to "change, alter, or establish the width, lines, location, or grades of any State highway" by the Governor constitutes an immediate condemnation of property marked on the plans "as required for right of way." The Law pro-

---

[3] The board had concluded that the Commonwealth effected a valid taking of the subject properties in 1948 and that the statute of limitations barred Appellees' present claims for damages.

[4] *See* Section 303 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §670.303.

vides that all such plans, as proposed by the Secretary of Highways and approved by the Governor, must be filed as a public record with the Department of Highways *and* recorded in the appropriate county. The filing of the plan in the county office for the recording of deeds constitutes constructive notice of the condemnation to all affected landowners. *Pane v. Department of Highways,* 422 Pa. 489, 222 A.2d 913 (1966); *Strong Appeal,* 400 Pa. 51, 161 A.2d 380 (1960).[5]

DOT contends that such a plan was indeed approved by the Governor in 1948 and recorded in Montgomery County that same year. Thus, DOT concludes that according to Section 210 of the Law, a condemnation of the subject properties occurred in 1948 and that constructive notice of the taking was given to Appellees' predecessors in title by virtue of the proper county recording of the plan. The problem with DOT's argument, however, is that the record in this case contains no copy of the pertinent plan.[6]

----

[5] This procedure, whereby a condemnation was effected by the filing of Governor-approved plans, has been supplanted by Section 402 of the Code, 26 P.S. §1-402, which requires that a declaration of taking be filed in court to effect a condemnation. *Pane.*

[6] DOT's assertion that the trial court should have taken judicial notice of the plans is without merit.

> Judicial notice is intended, *inter alia,* to avoid the necessity of formally introducing evidence in those limited circumstances where the fact sought to be proved is so well known in the jurisdiction that evidence in support thereof is unnecessary. It should not, however, operate to deprive the opposing party of the opportunity to disprove the fact. . . . Nor may judicial notice be carried so far as to make it impossible for an appellate court to determine upon what basis factual findings were made.

*Wells v. Pittsburgh Board of Public Education,* 31 Pa. Commonwealth Ct. 1, 5, 374 A.2d 1009, 1011 (1977) (citations omitted). In the instant case, it is incumbent upon DOT to prove not only that a plan was recorded but the content of that plan as well.

Without a copy of the plan to review, it is equally likely that the 1948 plan was one establishing the "ultimate width and lines" of DeKalb Pike pursuant to Section 206 of the Law, 36 P.S. §670-206. In fact, DOT contends in its brief that the 1948 plan *did* establish an "ultimate" right of way. If that is true, then the plan did not effect an immediate condemnation of Appellees' property for although the recording requirements are the same under Sections 206 and 210, the filing of a plan under Section 206 would not give rise to an immediate claim for condemnation damages. Rather, a claim for damages would arise only when an *actual* taking of lands for construction occurred, again pursuant to a Governor-approved plan showing the right of way *required* for the particular project. Section 208 of the Law, 36 P.S. §670-208. Since we do not have a copy of the plan before us, we are unable to verify whether the plan was actually filed in Montgomery County[7] and whether it was filed pursuant to Section 206 or 210. The trial court and this Court, of course, are bound by the record and the record in this case simply will not support the conclusion that a valid condemnation was effected in 1948. *See Commonwwealth Appeal*, 422 Pa. 72, 221 A.2d 289 (1966).

With regard to the actual widening of DeKalb Pike in 1974, Appellees were notified by DOT on or about June 4, 1973 that the highway would be widened "within the existing right of way of DeKalb Pike as established many years ago." The actual widening

---

[7] Absent proper recording in the county, the Commonwealth could not establish that a valid condemnation had occurred under §210, since constructive notice would be missing and the trial court found that actual notice was never given. Of course, due process requires either direct or indirect notice to a landowner that his land is being taken by eminent domain. *Angle v. Commonwealth*, 396 Pa. 514, 153 A.2d 912 (1959).

project was authorized by a highway plan approved by Governor Shapp in 1972. No declarations of taking were filed by DOT prior to the construction. The first actual notice of a taking of Appellees' properties occurred with DOT's entry on the land in 1974. Appellees filed their petitions for the appointment of viewers on May 31, 1974. Since we have concluded that the Commonwealth has not established that a valid condemnation of the subject properties occurred in 1948, and the first actual notice of a taking was given in 1974, we will affirm the trial court's order dismissing DOT's preliminary objections.

ORDER

It is ordered that the order of the Court of Common Pleas of Montgomery County, dated May 14, 1981, is hereby affirmed.